RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  10  5  11
    ᏈᎧᏰ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MARQUIS M. SCOTT (#411352)        DOCKET NO. 11-CV-1396; SEC. P

VERSUS                            JUDGE JAMES T. TRIMBLE, JR.

RAPIDES PARISH DETENTION CENTER   MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Plaintiff Marquis M. Scott filed a pro se civil rights complaint (42 U.S.C. §1983) on July 27, 2011.  His motion for leave to proceed in forma pauperis was granted in and order dated August 16, 2011.  On August 24, 2011, the court order was returned to the Clerk marked "Return to Sender.  Not Deliverable as Addressed. Unable to Forward." [Doc. #5]

Local Rule 41.3 for the Western District of Louisiana provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

More than thirty days have passed since the document was returned to sender, and Plaintiff has failed to notify the Court of an updated / current address.

Therefore,

IT IS RECOMMENDED that Plaintiff's complaint be  DISMISSED

**WITHOUT PREJUDICE** for the failure to prosecute in accordance with the provisions of Rule 41.3 of the Local Rules for the Western District of Louisiana.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of October, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE